UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL DAVID SASSER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-3926** |
| **ALLSTATE INSURANCE COMPANY** | * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 7). For the following reasons, the Plaintiff's motion is now DENIED.

This case arises from a dispute regarding insurance coverage for the Plaintiff's home located at 3816 Lyndel Drive in Chalmette, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendant in this case is Allstate Insurance Company ("Allstate"), the Plaintiff's homeowner's insurance carrier.

On June 15, 2007, the Plaintiff filed suit in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. The Plaintiff alleges that he is entitled to payment from Allstate for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. Allstate removed this case to federal court on August 1, 2007, based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. It is undisputed that the parties are diverse and that the amount in controversy exceeds $75,000.

On September 7, 2007, the Plaintiff filed the instant motion to remand. The Plaintiff argues that Allstate's removal was untimely under 28 U.S.C. § 1446(b) because Allstate was served through the Louisiana Secretary of State on June 29, 2007, more than thirty days before it

filed a notice of removal.  In light of this alleged procedural deficiency, the Plaintiff asks the Court to remand his case to state court.  Allstate argues that it was served through the Louisiana Secretary of State on July 2, 2007, and therefore that its August 1, 2007 notice of removal was timely.

Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  In this case, Allstate filed its notice of removal on August 1, 2007, and the Plaintiff filed his motion to remand on September 7, 2007, more than thirty days after the notice of removal was filed.  Accordingly, as the Plaintiff can no longer challenge the procedural propriety of removal, IT IS ORDERED that his Motion to Remand (Rec. Doc. 7) is DENIED.[1]

New Orleans, Louisiana, this 22nd day of October, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court nevertheless notes that Allstate's notice of removal was timely.  The Plaintiff argues that notice to a statutory agent (such as the Secretary of State) should be sufficient to trigger the running of the thirty-day removal period under 28 U.S.C. §1446(b).  The only authority offered for this position is *Bodden v. Union Oil Co. of Cal.*, 82 F. Supp. 2d 584 (E.D. La. 1998).  However, *Bodden* was based on precedent since abrogated and is no longer good law.  *See, e.g., Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F. Supp. 2d 511, 513 (E.D. La. 2001) ("[C]ontrary to *Bodden*, the general rule is that the thirty-day clock does not begin to run when a statutory agent such as the Secretary of State is served."); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) ("When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process.").